IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
TENNESSEE AT NASHVILLE

|  |  |
|---|---|
| CORTEZ KNIGHT, ) ) ) Plaintiff ) ) vs. ) ) SYSTECH INTERNATIONAL LLC, ) ) Defedant. ) | Case No. Jury Demand |

# COMPLAINT
# PARTIES

1. The Plaintiff in this action, Mr. Cortez Armando Knight, is a citizen and resident of Davidson County, Tennessee, and was at all times relevant to this litigation, an employee of the Defendant Systech International.

2. Defendant is a Florida corporation with its principle office in Murray, Utah. Its registered agent for service of process in Tennessee is Mr. Gary Wendorf located at 1410 Donelson Pike, Suite B-14, Nashville, Tennessee 37217.

# JURISDICTION

3. Plaintiff's cause of action is brought pursuant to Title VII of the Civil Rights Act of 1964 (as amended) 42 U. S. C. §2000E et seq. (as amended) and Title I of the Civil Rights Act of 1991. The jurisdiction of this Court is invoked as original jurisdiction pursuant to Title VII of the Act of Congress known as the Civil Rights Ace of 1964 (as amended) and 42 U. S. C. §2000E et seq.

4. Plaintiff's cause of action is also brought pursuant to the Tennessee Human Rights Act, Tenn. Code Ann. Section 4-21-401, et seq.

5. The Plaintiff was employed in Davidson County, Tennessee and the venue for this action properly lies in the United States District Court for the Middle District of Tennessee at Nashville.

## RACIAL DISCRIMINATION

6. Plaintiff timely filed his complaint with the EEOC, and after receiving his Right to Sue Letter and a "for cause" determination from the EEOC, timely filed this lawsuit as prescribed by law.

7. The Defendant, SysTech International, at all times relevant to this litigation, was an employer as defined by the Civil Rights Act of 1964 (as amended). The Plaintiff, Cortez Knight (Mr. Knight), at all times relevant to this lawsuit, was defined as an employee by the Civil Rights Act of 1964 (as amended).

8. While employed by Defendant, Mr. Knight was discriminated against because of his race (Black) and was discharged from his current position because he failed a mandatory Inspector's certification examination.

9. Mr. Knight was subjected to disparate treatment because of his race by way of discriminatory actions that he personally experienced and that were made known to him while he was employed with the Defendant.

10. Mr. Knight was subjected to unwarranted discipline and relocation, racial slurs and epithets, harassment and intimidation by his superiors and co-workers based on his race.

11. Mr. Knight was employed by Defendant from March 2010 until April 2010. During that period of time, he was a Technician.

12. During his employment, Mr. Knight was moved three times during his one month tenure of employment reporting to three different supervisors without benefit of proper training. Mr. Knight's white comparators did not experience similar circumstances.

13. Mr. Knight and his comparators were required to take an examination for his Inspector's Certification.

14. All identified White comparators took a 35 question Inspector's Certification exam.

15. The 35 question exam is a standard for Defendant, and is referenced in the August 2009 Training Manual.

16. Unlike his White comparators, Mr. Knight was required to take a 50 question Inspector's Certification exam.

17. EEOC investigators found and Mr. Knight alleges that there was no consistency in the Inspector's certification examination as it relates to the employees' testing location, time period in which the exam is to be taken, grading scale, or even the test itself.

18. EEOC investigators further found and Mr. Knight alleges that there were test scores submitted by the Defendant were not consistent with tests and test scores provided during the EEOC on-site investigation.

19. Mr. Knight prepared diligently and passed the more strenuous 50 question exam. Despite Mr. Knight meeting this discriminatory hurdle, Defendant informed Mr. Knight he failed the exam.

20. Mr. Knight was discharged in April, 2010 for failing the test while his white comparators were told they passed.

21. The EEOC investigation found reasonable cause to believe, and Mr. Knight alleges, that he was subjected to unwarranted discipline, biased and unequal testing, training disparities, and discharged for an inaccurate score on his Inspector's examination based on his race.

# RELIEF REQUESTED

**WHEREFORE,** Plaintiff prays for judgment against the Defendants as follows:

a. Compensatory damages for lost back pay, benefits, and interest.

b. Compensatory damages for the embarrassment, mental anguish, loss of career path, and pain and suffering.

c. Punitive damages based on the willful, malicious nature of the conduct and Systech International's willful failure to comply with Title VII of the Civil Rights Act of 1964 and 1991.

d. Attorney's fees, litigation expenses and costs.

e. Any other and further relief the Court finds in this cause.

Respectfully Submitted,

*/s/ M. Katherine Everette*
M. Katherine Everette, BPR # 21461
Morgan E. Smith, BPR #026601
144 2nd Ave. N. Ste. 200
Nashville, TN 37201
(615) 244-8665