IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CORTEZ KNIGHT )
) No. 3-11-1024
v. )
)
SYSTECH INTERNATIONAL, LLC )

TO: Honorable John T. Nixon, Senior District Judge

# **REPORT AND RECOMMENDATION**

Pending before the Court is the defendant's renewed motion for sanctions (Docket Entry No. 59).

## I. PROCEDURAL HISTORY[1]

Initial Progression of the Case with First Attorneys

The case was originally filed on October 26, 2011, alleging claims of racial discrimination, including plaintiff's termination from employment by the defendant, and asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq, and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-401 et seq. The plaintiff was represented by counsel when he filed this action.

The initial case management conference was first scheduled on December 12, 2011, and, upon the plaintiff's request because the defendant had not been served and/or had not entered an appearance in the case, the initial case management conference was continued to January 19, 2012,

---

[1] A substantial portion of the procedural history of this case is reproduced from the order entered November 6, 2012 (Docket Entry No. 58).

and, by order entered January 12, 2012 (Docket Entry No. 10), was continued again based on what appeared to be defendant's request in its motion (Docket Entry No. 8), and held on February 3, 2012.

By orders entered February 15, 2012 (Docket Entry Nos. 15 and 16), the parties' joint initial case management order was approved, as modified, and other matters were included that had been addressed at the February 3, 2012, initial case management conference. Scheduling deadlines for the progression of the case were established, including a November 5, 2012, deadline for completion of all discovery and a November 30, 2012, deadline for filing any dispositive motion. A trial was scheduled on June 4, 2013. In addition, a March 2, 2012, deadline was established for the parties to serve initial disclosures in accord with Rule 26(a)(1) of the Federal Rules of Civil Procedure. During the February 3, 2012, initial case management conference, plaintiff's counsel represented that the parties would file a stipulation of dismissal of the plaintiff's claims under the THRA by February 10, 2012. However, in the February 15, 2012, order (Docket Entry No. 16), the time for the parties to file such a stipulation was extended to February 24, 2012, or, alternatively, the plaintiff was given until February 24, 2012, to file a notice that he did not intend to dismiss those claims.

On April 18, 2012, the defendant filed a motion for a status conference to address, inter alia, the "lack of activity" in the case (Docket Entry No. 17). In accord with the order entered April 18, 2012 (Docket Entry No. 18), a telephonic status conference was held on April 30, 2012, at which time, as reflected in the order entered May 2, 2012 (Docket Entry No. 19), defendant's counsel advised that the plaintiff had not served initial disclosures and had not dismissed his THRA claims or otherwise notified the Court as directed in the February 15, 2012, order. However, plaintiff's counsel advised that they intended to withdraw as the plaintiff's attorney.

As a result, a status conference was scheduled on June 7, 2012. As reflected in the May 2, 2012, order, if the plaintiff's attorney had not been relieved, she was directed to appear; if counsel had been relieved and the plaintiff had obtained new counsel, such attorney was directed to appear; and, if counsel had been relieved but the plaintiff had not obtained new counsel, the plaintiff himself

was directed to appear. Plaintiff's counsel was allowed to withdraw by order entered May 30, 2012 (Docket Entry No. 23).

Counsel for the defendant appeared on June 7, 2012, but no appearance was made on behalf of the plaintiff. However, plaintiff's former counsel had called the office of the Magistrate Judge prior to the status conference to advise that she could not confirm that a copy of the May 2, 2012, order had been mailed to the plaintiff, as the Court had directed, but that she had advised the plaintiff's mother of the June 7, 2012, hearing. Since it was not clear to the Court whether the plaintiff actually had notice of his obligation to appear on June 7, 2012, by order entered June 11, 2012 (Docket Entry No. 26), a further status conference was scheduled on June 22, 2012.

Progression of the Case after Obtaining New Attorney

Counsel for the defendant and newly retained counsel for the plaintiff appeared on June 22, 2012,[2] at which time the plaintiff was directed to serve or supplement his initial disclosures and determine whether or not he intended to pursue the THRA claims. To allow new counsel an opportunity to familiarize himself with the case, a further case management conference was scheduled on July 10, 2012, as reflected in the order entered June 25, 2012 (Docket Entry No. 29).

Counsel for both parties appeared on July 10, 2012, at which time, inter alia, the deadline for completion of all discovery was extended from November 5, 2012, to December 21, 2012, and the deadline for filing any dispositive motion was extended from November 30, 2012, to January 18, 2013, as reflected in the order entered July 13, 2012 (Docket Entry No. 30). In addition, the deadline for the plaintiff to serve initial disclosures was extended to August 22, 2012, and the parties were directed to file an agreed order of dismissal of the plaintiff's THRA claims by July 27, 2012, or the plaintiff was directed to file, by July 27, 2012, a notice of his intent to pursue those claims.

---

[2] Counsel did not enter a formal notice of appearance for the plaintiff until August 23, 2012. See Docket Entry No. 37.

On August 14, 2012, the defendant filed a motion for status conference (Docket Entry No. 33), indicating that, despite defendant's counsel's communication and attempts to communicate with plaintiff's counsel, the plaintiff had not served supplemental initial disclosures or provided the defendant with an agreed order dismissing the THRA claims.

By order entered August 15, 2012 (Docket Entry No. 34), a status conference was scheduled on August 23, 2012. Although plaintiff's counsel was two hours late,[3] counsel for the parties appeared on August 23, 2012, at which time plaintiff's counsel represented that he agreed that the THRA claims were untimely and should be dismissed and plaintiff's counsel was directed to send a signed agreed order or stipulation of dismissal of the plaintiff's THRA claims to defendant's counsel by August 28, 2012, and serve supplemental initial disclosures by August 31, 2012.[4] Defendant's counsel represented that he was unable to determine what information to seek in his anticipated written discovery to be propounded on the plaintiff until he received the plaintiff's initial disclosures and that, as a result, the case had been at a standstill. Thus, defendant's counsel expressed concern about being able to meet the November 30, 2012, deadline for filing a dispositive motion and he advised that, if the plaintiff did not serve initial disclosures by August 31, 2012, he might seek sanctions against the plaintiff.

On August 23, 2012, and as reflected in the order entered August 27, 2012 (Docket Entry No. 38), a further case management conference was scheduled on September 12, 2012.

By order entered September 4, 2012 (Docket Entry No. 39), the Court noted that the parties had not filed an agreed order or stipulation of dismissal of the plaintiff's THRA claims, as directed on August 23, 2012, and in the August 27, 2012, order, and directed that the parties file a notice of

---

[3] Plaintiff's counsel had notified both the Court and defendant's counsel that he had a flat tire and would not be able to appear on time. The plaintiff himself appeared at the scheduled time, but did not wait for two hours for his counsel to appear.

[4] Apparently, the plaintiff had initially served what defendant's counsel described as "pro forma" Rule 26(a)(1) disclosures, and plaintiff's counsel agreed at the case management conferences on June 22, 2012, July 10, 2012, and August 23, 2012, that the disclosures should be supplemented.

the status of the dismissal of the plaintiff's THRA claims and the plaintiff's supplemental initial disclosures.

On September 4, 2012, the defendant filed a notice (Docket Entry No. 40) that the plaintiff had not sent a signed agreed order or stipulation of dismissal of the plaintiff's THRA claims to defendant's counsel, nor had the plaintiff served supplemental initial disclosures by August 31, 2012, as directed on August 23, 2012, and in the August 27, 2012, order.

On September 7, 2012, the parties filed an agreed "Dismissal of State Law Claims" (Docket Entry No. 41),[5] which was entered on September 10, 2012 (Docket Entry No. 45).

On September 7, 2012, the defendant also filed a motion for sanctions (Docket Entry No. 42).

By order entered September 10, 2012 (Docket Entry No. 44), the Court directed plaintiff's counsel to communicate with defendant's counsel about the delinquent supplemental initial disclosures before the case management conference scheduled on September 12, 2012, and directed that such communication be by telephone unless defendant's counsel was unavailable, in which case communication should be by email.

No appearance was made by the plaintiff or his counsel on September 12, 2012, and defendant's counsel advised that plaintiff's counsel had not attempted to communicate with him.

As a result, by order entered September 13, 2012 (Docket Entry No. 46), a hearing was scheduled on October 9, 2012, at 11:00 a.m. for the plaintiff and plaintiff's counsel to appear and show cause why the defendant's motion for sanctions should not be granted and why the Court should not impose sanctions, including dismissal of the action and an award of attorney's fees, against the plaintiff and plaintiff's counsel. The plaintiff was given until September 21, 2012, to file a response to the defendant's motion for sanctions. The defendant filed a motion for attorney's fees on October 8, 2012 (Docket Entry No. 50).

---

[5] The filing was actually made by defendant's counsel, although it is clear that plaintiff's counsel prepared the agreed order and forwarded it to defendant's counsel for signature and filing.

The plaintiff did not file a response to the defendant's motion for sanctions, but the plaintiff himself appeared on October 9, 2012. However, no appearance was made by plaintiff's counsel, although he or someone on his behalf communicated with the office of the Magistrate Judge on three occasions during the morning of October 9, 2012, to advise that he was in state court and would be late.[6] The Court delayed convening the hearing to 12:13 p.m.--over an hour after the time it was scheduled to begin. The proceeding concluded at 12:40 p.m. without the appearance of plaintiff's counsel.

Because the plaintiff represented that his counsel had not asked him to provide any information and because the plaintiff advised that he intended to obtain another lawyer, the hearing was rescheduled to October 19, 2012, as reflected in the order entered October 11, 2012 (Docket Entry No. 52). In that order, the plaintiff and plaintiff's counsel of record were directed to appear unless the plaintiff had obtained new counsel, in which case new counsel was directed to appear on October 19, 2012.

October 19, 2012, Hearing and Conference Call Scheduled on October 29, 2012

On October 19, 2012, counsel for the plaintiff appeared and represented to the Court that he had advised the plaintiff that he did not need to personally appear since the plaintiff had agreed that counsel should continue to represent him in this case.[7]

Plaintiff's counsel explained that he had failed to appear for the September 12, 2012, hearing because he was in an attempted first degree murder trial in state court and did not even realize that he had missed the hearing until after September 12, 2012. He further explained that at the time of the October 9, 2012, hearing, he was in a divorce hearing, which had lasted longer than he had expected. He related that he was a solo practitioner and had a part time paralegal as his sole support

---

[6] Plaintiff's counsel had emailed defendant's counsel the day prior to the hearing that he would not be able to appear at the time scheduled.

[7] In the October 11, 2012, order, the Court directed the plaintiff to personally appear unless he had retained new counsel.

6

staff, and that he was new to the federal system, having practiced for 2-1/2 years in state court, which he described as having completely different rules and attitudes.[8] He indicated that it was not in his character to fail to appear in court or fail to comply with court orders. He also reported that he had met with the plaintiff and his family on October 17, 2012, and that he was "twenty minutes" away from completing the supplemental disclosures.

In its motion for sanctions (Docket Entry No. 42), the defendant outlined the delays occasioned by the plaintiff and the plaintiff's repeated failure to comply with court orders. As a result, the defendant sought the imposition of sanctions against the plaintiff, specifically, the dismissal of this action and an award of attorney's fees for the defendant's counsel's time incurred in addressing the plaintiff's delays, failures to appear, and failures to comply with the Court's orders. In his motion for attorney fees (Docket Entry No. 50), the defendant sought the amount of $1,561.50, as supported by defendant's counsel's affidavit and itemization of his time from August 13, 2012, through September 12, 2012 (Docket Entry Nos. 51 and 51-1). In his supplemental affidavit (Docket Entry No. 55), filed after the September 12, 2012, hearing at which plaintiff's counsel failed to appear, defendant's counsel included his additional time since September 12, 2012, seeking a total of $3,216.00 in attorney's fees.

Even though the plaintiff never filed any response to the defendant's motion for sanctions or, for that matter, to the defendant's motion for attorney's fees, the Court declined to consider dismissing this case as a sanction at the October 19, 2012, hearing. Although plaintiff's counsel had previously alluded to the plaintiff's lack of cooperation and his previous counsel referred to the plaintiff's lack of cooperation in their motion to withdraw, see Docket Entry Nos. 20, 22, and 22-1, plaintiff's counsel did not attempt to shift the blame to the plaintiff on October 19, 2012. The plaintiff himself appeared for scheduled proceedings on August 23, 2012, and October 9, 2012, and represented to the Court on October 9, 2012, that his counsel had not requested that he provide any

---

[8] It is not clear to what different rules or attitudes plaintiff's counsel referred. The Court doubts that failing to appear for scheduled court hearings or failing to comply with court orders would be taken significantly less seriously in state court.

7

additional information and that he had not been uncooperative with this attorney. It appeared to the Court at that time that the plaintiff intended to prosecute this case.

Under those circumstances, the Court found that dismissal was not appropriate. On the other hand, the Court found that it was left with little or no option than to impose sanctions in the form of an award of attorney's fees against plaintiff's counsel under the circumstances set forth above, and noted that the plaintiff's counsel never filed any motion to extend deadlines or to continue or reschedule hearings. In fact, the plaintiff did not file any response in opposition to the defendant's motion for sanctions or the defendant's motion for attorney's fees, and, at the October 19, 2012, hearing, did not challenge any portion of the requested fees, except to address his own financial circumstances.

After balancing the plaintiff's counsel's financial circumstances against his clear failure to comply with court orders and his failure to appear at scheduled court appearances, plaintiff's counsel was ordered to pay defendant's counsel the amount of fifteen hundred dollars ($1,500.00) in attorney's fees, payable within 60 days. See order entered October 26, 2012 (Docket Entry Nos. 56-57), as modified by the order entered November 6, 2012 (Docket Entry No. 58).

At the October 19, 2012, hearing and in the orders entered October 26, 2012, and November 6, 2012, the Court advised plaintiff's counsel that, among the concerns raised by the Court and defendant's counsel, the Court was troubled by his failure to communicate with defendant's counsel. Plaintiff's counsel was directed, at a minimum, to communicate with defendant's counsel of record by email and, optimally, to communicate with defendant's counsel by telephone as matters arose in the future.

As addressed during the October 19, 2012, hearing and as reflected in the order entered October 26, 2012 (Docket Entry No. 56), the time for the plaintiff to serve supplemental initial disclosures on defendant's counsel was again extended to October 22, 2012, and a telephone conference call with the Court was scheduled on October 29, 2012, at 4:00 p.m., to confirm that the plaintiff had served supplemental initial disclosures as directed and to address any additional matters.

Plaintiff's counsel was directed to be available at the telephone number provided to defendant's counsel so that defendant's counsel could initiate the call with the Court.

Scheduling deadlines were also extended at the October 19, 2012, hearing, as reflected in the October 26, 2012, order, including the deadline for completion of all discovery, which was extended from December 21, 2012, to May 31, 2013, and the deadline for filing any dispositive motion, which was extended from January 18, 2013, to July 1, 2013. The trial was also rescheduled from June 4, 2013, to January 28, 2014.

Defendant's counsel advised the Court on October 29, 2012, that he had attempted to call plaintiff's counsel to initiate the telephone conference call with the Court, but, despite leaving messages for plaintiff's counsel by telephone and email, he was not able to reach plaintiff's counsel, and the October 29, 2012, conference call did not take place.

II. RENEWED MOTION FOR SANCTIONS AND DEFENDANT'S SUBSEQUENT FILINGS

On November 7, 2012, the defendant filed a renewed motion for sanctions (Docket Entry No. 59). The defendant recounted that on October 22, 2012, he had received an email from plaintiff's counsel at 6:38 p.m. indicating that plaintiff's counsel had been out of town for a hearing and that he would "file the initial disclosures" the next day. Defendant's counsel responded that service on counsel by email was sufficient. Docket Entry No. 59-1. However, according to defendant's counsel, he did not receive any further communication from plaintiff's counsel nor did he receive the promised supplemental initial disclosures.

In the renewed motion, the defendant seeks dismissal of the case as well as the remaining attorney's fees of $1,716.00 that the defendant had incurred but the Court had not included in the award of attorney's fees at the October 19, 2012, hearing and in the orders entered October 26, 2012, and November 6, 2012 (Docket Entry Nos. 57-58).

Plaintiff's counsel has not filed any response to the defendant's renewed motion for sanctions,[9] nor has the plaintiff made any filings whatsoever since the October 19, 2013, hearing.

On the other hand, the defendant has filed regular updates on the status of the case, beginning on December 7, 2012, and continuing through August 1, 2013 (Docket Entry Nos. 60-64). In the December 7, 2012, notice, defendant's counsel reported that, on November 13, 2012, plaintiff's counsel emailed defendant's counsel that he and the plaintiff "would be determining how to proceed in this matter." Docket Entry No. 60.[10] The defendant indicated in all five notices that the plaintiff had not provided the long overdue supplement initial disclosures, and beginning with the February 22, 2013, notice (Docket Entry No. 62), the defendant advised that plaintiff's counsel had not paid the $1,500.00 in attorney's fees imposed at the October 19, 2012, hearing and by orders entered October 26, 2012, and November 6, 2012 (Docket Entry Nos. 57-58).

### III. DISCUSSION

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that:

**In General.** On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

    **(A)** fails to appear at a scheduling or other pretrial conference; [or]

    **(C)** fails to obey a scheduling or other pretrial order.

Rule 37(b)(2)(A)(ii)-(vii) permits the Court to impose such sanctions as striking pleadings, dismissing the case, and holding a party in contempt.

Rule 41(b) of the Federal Rules of Civil Procedure provides that:

**Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim

---

[9] See Local Rule 7.01(b), which provides that failure to file a response to a motion indicates that there is no opposition to the motion.

[10] In the August 1, 2013, status notice (Docket Entry No. 64), defendant's counsel reported that plaintiff's counsel had indicated in the November 13, 2012, email that he "would be supplementing Plaintiff's initial disclosures shortly."

against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

It is well settled that federal courts have the inherent power to manage their own dockets. Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. See Carter v. City of Memphis, Tenn., 636 F.2d 159, 161 (6th Cir. 1980). The record in this case clearly establishes delay, contumacious conduct and the plaintiff's failure to prosecute.

However, the sanction of dismissal is not to be imposed lightly. Although none of the factors is outcome determinative, see, e.g., Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013), the Court must consider four factors in determining whether it is appropriate to dismiss a case for failure to comply with court orders and failure to prosecute, specifically: (1) whether the plaintiff's failure was a result of wilfulness, bad faith or fault; (2) whether the defendant was prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that his failure could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal. Carpenter, 723 F.3d at 704; Kovacic v. Tyco Valves & Controls, LP, 433 Fed.Appx. 376, 380 (6th Cir. Aug. 2, 2011); Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008); Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001); Knoll v. American Tel. & Tel., 176 F.3d 359, 363 (6th Cir. 1999). A plaintiff's conduct is motivated by wilfulness, bad faith or fault if it is evidenced by "either an intent to thwart judicial proceedings or reckless disregard for the effect of [his] conduct on those proceedings." Carpenter, 723 F.3d at 705; Tung-Hsiung Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005); Mulbah, 261 F.3d at 591 (citing Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 194 (6th Cir. 1986)).

Plaintiff's current counsel has been on notice since June 22, 2012, and the plaintiff himself has been on notice at least since October 9, 2012, that the plaintiff was obligated to serve supplemental initial disclosures. The defendant has explained to the plaintiff, plaintiff's counsel and the Court that the plaintiff's failure to serve such disclosures created an impasse in the proceedings

because the defendant was unable to craft formal written discovery to be served on the plaintiff, much less proceed with oral discovery, before receiving those disclosures. The plaintiff has never challenged the defendant's need for the disclosures. Inexplicably, however, despite orders from the Court and communications from defendant's counsel, the plaintiff has utterly failed to serve those supplemental disclosures.

The plaintiff has not sought any extension of time to serve such disclosures or otherwise objected to making those disclosures. Nor has the plaintiff sought reconsideration of any order nor has he filed any motion to review any order, despite being specifically advised of his right to do so. See orders entered October 26, 2012, and November 6, 2012 (Docket Entry Nos. 57 and 58), at 8-9. In fact, the only filing the plaintiff's current counsel has made in this case is a notice of appearance filed on August 23, 2012 (Docket Entry No. 37), two months after he had first appeared on behalf of the plaintiff.[11]

After having already failed to appear for hearings scheduled on September 12, 2012, and October 9, 2012, plaintiff's counsel also failed to be available for the conference call with the Court scheduled on October 29, 2012, that was scheduled during the October 19, 2012, hearing and by the order entered October 26, 2012 (Docket Entry No. 56). The plaintiff never sought to reschedule the conference call before or after October 29, 2012.

Finally, plaintiff's counsel has failed to pay defendant's counsel the $1,500.00 in attorney's fees imposed by orders entered October 26, 2012, and November 6, 2012 (Docket Entry Nos. 57-58).

The plaintiff has failed to file any response to the defendant's pending motion for renewed sanctions, has failed to communicate with defendant's counsel since November 13, 2012, despite the Court's specific directive in the October 26, 2012, and November 6, 2013, orders, and despite the defendant's periodic status reports since then, and the plaintiff has failed to make any filings related to his failure to follow the Court's orders.

---

[11] At the status conference on June 22, 2012, and as reflected in the order entered June 25, 2012 (Docket Entry No. 29), at n.2, plaintiff's counsel indicated that he would file a notice of appearance as soon as possible.

12

At the October 19, 2012, hearing, the Court was not willing to consider dismissal of this case as a sanction because that would have unfairly prejudiced the plaintiff who had shown an interest in prosecuting this case. However, the plaintiff was himself aware of the need to supplement his initial disclosures, since that issue was specifically addressed at the October 9, 2012, hearing that he attended, and the plaintiff himself had questions about whether he wanted his lawyer to continue to represent him. Despite these red flags and the passage of more than sufficient time, the plaintiff himself has taken no action in this case. This is not a situation in which the plaintiff has been blindly relying upon his counsel to take care of all matters related to this lawsuit. The plaintiff himself was aware of his counsel's previous shortcomings. In addition, the plaintiff himself was fully aware of the consequences of failing to comply with court orders since he had been advised in orders sent directly to him that his case could be dismissed pursuant to Rules 16(f) and Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure. <u>See</u> orders entered May 2, 2012 (Docket Entry No. 19), and June 11, 2012 (Docket Entry No. 26).

Plaintiff's counsel--and the plaintiff himself-- have had more than reasonable opportunity to rectify their past inactions and they have failed over the last 11 months to take any action do so.

## IV. CONCLUSIONS

The rendition of the chronology of this case, set forth above, demonstrates without doubt the plaintiff's failure to comply with court orders and to prosecute this case in any manner. The Court finds that the plaintiff's conduct has evidenced a reckless disregard for the effect of his conduct on the proceedings in this case, if not an intent to thwart the proceedings in this case. The Court also finds that the defendant was prejudiced by having to waste time, money and effort in its attempts to prod the plaintiff to comply with the Federal Rules of Civil Procedure and the orders of this Court and that the plaintiff's failure to comply with court orders and serve initial disclosures has created an impasse for the defendant such that the defendant is unable to proceed further in defending this litigation. The Court further finds that the plaintiff and plaintiff's counsel have been on notice by

13

prior court orders and proceedings, as well as the defendant's previously filed and pending motions for sanctions and five subsequent status updates filed by the defendant, that sanctions, including dismissal, could be imposed. Finally, the Court finds that consideration of sanctions less severe than dismissal is not appropriate inasmuch as the Court previously imposed lesser sanctions to no avail, and that there is no alternative sanction other than dismissal of this action that is available to protect the integrity of the judicial process. See Carpenter, 723 F.3d at 709; Wu, 420 F.2d at 644.

In summary, dismissal of this case pursuant to Rule 16(f)(1) and Rule 41(b) of the Federal Rules of Civil Procedure is warranted because of the plaintiff's failure to comply with the Court's orders. Dismissal of the action with prejudice is appropriate in light of the plaintiff's flagrant disregard of the Court's orders, and the impasse in further proceedings caused by the plaintiff's failure to serve initial disclosures.

## RECOMMENDATION

For the reasons set forth below, it is RECOMMENDED that the defendant's renewed motion for sanctions (Docket Entry No. 59) be granted and that this case be DISMISSED with prejudice.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report & Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully Submitted,

JULIET GRIFFIN
United States Magistrate Judge