# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CORTEZ KNIGHT, ) | |
| ) | |
| Plaintiff, ) | No. 3:11-cv-01024 |
| ) | |
| v. ) | Judge Nixon |
| ) | Magistrate Judge Griffin |
| SYSTECH INTERNATIONAL LLC, ) | |
| ) | JURY DEMAND |
| Defendant. ) | |

## ORDER

Pending before the Court is Defendant Systech International LLC's Renewed Motion for Sanctions ("Motion") against Plaintiff Cortez Knight and Plaintiff's counsel, Michael Lloyd Freeman. (Doc. No. 59.) Plaintiff has not responded to the Motion. Magistrate Judge Griffin issued a Report and Recommendation ("Report") recommending that the Motion be granted and that this action be dismissed in its entirety with prejudice. (Doc. No. 65 at 14.) Plaintiff has not filed an Objection to the Report.

For the reasons stated below, the Court **ADOPTS** Magistrate Judge Griffin's Report, **GRANTS** Defendant's Motion, and **DISMISSES** this action, in its entirety, **with prejudice**.

## I. PROCEDURAL BACKGROUND

Plaintiff filed this action on October 26, 2011, alleging racial discrimination under Title VII of the Civil Rights Act of 1964 and the Tennessee Human Rights Act ("THRA"). (Doc. No. 1 at 1.)

On February 3, 2012, the parties attended a joint case management conference. (*See* Doc. Nos. 16 at 1; 65 at 2.) On February 15, 2012, Magistrate Judge Griffin issued a Case

1

Management Order, establishing deadlines, including: (1) a March 2, 2012, deadline for the parties to serve initial disclosures under Federal Rules of Civil Procedure Rule 26(a)(1); (2) a November 5, 2012, deadline for completion of discovery; (3) a November 30, 2012, deadline for the filing of dispositive motions; and (4) a trial date of June 4, 2013. (Doc. Nos. 15 and 16.) At the February 3, 2012, case management conference, Plaintiff's counsel informed the Court that the parties intended to file a stipulation of dismissal of Plaintiff's THRA claims by February 10, 2012. (Doc. No. 65 at 2.) As the stipulation was not filed by that date, Judge Griffin's February 15, 2012, Case Management Order also provided an extended deadline of February 24, 2012, for the parties to file a stipulation of dismissal of Plaintiff's THRA claims. (Doc. No. 16 at 1.)

On April 18, 2012 Defendant filed a motion requesting a status conference. On April 30, 2012, Judge Griffin held a telephonic status conference, at which time Defendant's counsel informed the Court that Plaintiff had not yet served initial disclosures or filed a stipulation to dismiss his THRA claims. (Doc. No. 65 at 2.) Plaintiff's counsel, Katherine Everette, informed the court of her intention to withdraw as Plaintiff's attorney on or before May 4, 2012. (*Id.*) Judge Griffin subsequently scheduled a status conference for June 7, 2012. (Doc. No. 19 at 1.) Ms. Everette was permitted to withdraw on May 30, 2012. (Doc. No. 23.) No appearance was made on behalf of Plaintiff at the June 7, 2012, conference, and Ms. Everette informed the Court that she had notified Plaintiff of the conference but did not know whether Plaintiff had been sent the scheduling order. (Doc. No. 26 at 1.) Based on Ms. Everette's representations, the Court issued an order on June 11, 2012, scheduling a further status conference for June 22, 2012. (*Id.* at 2.)

Counsel for Defendant and Plaintiff's new counsel, Mr. Freeman, appeared at the June 22, 2012, status conference. (Doc. No. 65 at 3.) Plaintiff was directed to serve or supplement his initial disclosures[1] and determine whether he intended to pursue his THRA claim, and an additional status conference was scheduled for July 10, 2012. (Doc. No. 29.) At the July 10, 2012, conference, the deadline for Plaintiff to serve initial disclosures was extended to August 22, 2012, the deadline for completion of discovery was extended to December 21, 2012, and the deadline for completion of dispositive motions was extended to January 18, 2013. (Doc. No. 30.) Additionally, Plaintiff was instructed to inform the Court as to whether he wished to dismiss or pursue his THRA claim by July 27, 2012. (*Id.*)

Defendant requested a status conference on August 14, 2012, representing that Plaintiff had not yet served initial disclosures or provided notice of his intent regarding the THRA claim. (Doc. No. 33.) A status conference was accordingly scheduled for August 23, 2012. (Doc No. 34.) At the hearing, Mr. Freeman stated that Plaintiff's THRA claims were untimely and should be dismissed. (Doc. No. 38 at 1 n.2.) On September 7, 2012, the parties filed a proposed Dismissal of State Law Claims (Doc. No. 41) which Judge Griffin signed on September 10, 2012 (Doc. No. 45). On September 7, 2012 Defendant also filed a Motion for Sanctions ("Initial Motion for Sanctions"), specifically requesting the Court dismiss the case and an award Defendant attorney's fees, based on Plaintiff's repeated failure to meet established deadlines and resulting delay. (Doc. No. 42.) In response to Defendant's Initial Motion for Sanctions, Judge Griffin issued an order directing Plaintiff's counsel to communicate with Defendant's counsel about the

---

[1] There is some uncertainty as to whether Plaintiff had already served a portion of the initial disclosures prior to this date. Judge Griffin reports that Defendant's counsel indicated on June 22, 2012, that Plaintiff had served "pro forma" initial disclosures, but the Court also stated that it was "the Court's memory" that counsel for both parties represented that there had been no service of initial disclosures whatsoever. (Doc. No. 29 at 1 n.1.)

delinquent disclosures prior to the upcoming September 12, 2012, status conference. (Doc. No. 44.)

Neither Plaintiff nor Plaintiff's counsel appeared at the September 12, 2012, status conference. (Doc. No. 46 at 1.) Defendant's counsel stated that Plaintiff's counsel had not communicated with him regarding the disclosures. (*Id.*) Thus, an order was issued on September 13, 2012, scheduling a show cause hearing for October 9, 2012, and directing Plaintiff and his counsel to appear and show cause for why Defendant's Initial Motion for Sanctions should not be granted, giving Plaintiff a deadline of September 21, 2012, to file a response. (*Id.*) Defendant filed a motion for attorney's fees on October 8, 2012. (Doc. No. 50.)

Plaintiff did not file a response to the Initial Motion for Sanctions, but did appear without an attorney at the October 9, 2012, hearing, indicating that his counsel had not asked him to provide any information, and that he intended to get another attorney. (Doc. No. 52.) The Court then rescheduled the show cause hearing for October 19, 2012. (*Id.*)

Plaintiff's counsel, Mr. Freeman, appeared at the hearing on October 19, 2012, stating that he had advised Plaintiff that Plaintiff did not need to appear personally at the hearing, and that Plaintiff agreed that Mr. Freeman should continue to represent him. (Doc. No. 65 at 7.) Plaintiff's counsel stated that he had missed the previous status conference and show cause hearing dates due to state court proceedings, and that he was only "twenty minutes" away from completing the supplemental disclosures. (*Id.*) The Court declined to consider dismissing the case as a sanction at this hearing—despite allusions by Mr. Freeman and Plaintiff's former counsel that Plaintiff was uncooperative—based on Plaintiff's statement that his counsel had not asked for information concerning the initial disclosures and because "it appeared to the Court at that time

4

that the plaintiff intended to prosecute this case." (*Id.* at 7–8.) Mr. Freeman was ordered to pay Defendant's counsel $1,500.00 in attorney's fees and directed to communicate with Defendant's counsel as matters arose in the future, ideally by phone. (Doc. Nos. 56–57.) Plaintiff was given until October 22, 2012, to fully serve initial disclosures and a telephone conference was scheduled for October 29, 2012. (Doc. No. 56 at 1.) The discovery deadline was also extended to May 31, 2013, the deadline for filing dispositive motions was extended to July 1, 2013, and trial was rescheduled for January 28, 2014. (*Id.* at 2.) On October 29, 2012, Defendant's counsel informed the Court that he had attempted to call Mr. Freeman but was unable to reach him, and the telephone conference did not take place. (Doc. No. 65 at 9.)

On November 7, 2012, Defendant filed the present Motion, stating that he has not received Plaintiff's initial disclosures. (Doc. No. 59 at 1–2.) Defendant seeks dismissal of the case and award of the remaining attorney's fees that the Court has not yet awarded in its previous orders. (*Id.* at 3–4). Plaintiff has not filed a response to the Motion. Defendant has since filed five status updates on the case (Doc. Nos. 60–64), the last three of which state that Mr. Freeman has to date not paid the previously awarded attorney's fees (Doc. Nos. 62–64).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 37(b) provides that courts may issue such orders as are "just" when a party fails to obey an order to provide discovery. Fed. R. Civ. P. 37(b)(2)(A). This includes imposing sanctions under Rule 37(b)(2), which include, but are not limited to "dismissing the action or proceeding in whole or in part" and "rendering a default judgment against the disobedient party." *Id.* Rule 37(b)(2)(C) further requires courts to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses,

5

including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Additionally, Rule 41(b) provides for involuntary dismissal of cases where the plaintiff "fails to prosecute or to comply with these rules or a court order" and that, with a few narrow exceptions,[2] "a dismissal under this subdivision . . . operates as an adjudication under the merits."

The imposition of sanctions, and the type of sanctions imposed, is within the discretion of the court based on the facts of each particular case. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976) (per curiam). Dismissal of an action is appropriate where a plaintiff callously disregards its discovery responsibilities, *Nat'l Hockey League*, 427 U.S. at 640, but this is "a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to wilfulness [sic], bad faith, or fault," *Stamtec, Inc. v. Anson*, 195 F. App'x 473, 478 (6th Cir. 2006) (quoting *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir. 1985)). The Sixth Circuit has, however, clarified that "if a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion." *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988) (superseded by statute on other grounds).

In addition to weighing whether a party's failure to complete discovery was due to willfulness, bad faith, or fault, the Sixth Circuit lays out three additional factors that a court may consider in determining whether dismissal is an appropriate sanction pursuant to Rule 37(b), including whether: (1) the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (2) the dismissed party was warned that failure to cooperate could lead to dismissal;

---

[2] The exceptions provided for in Rule 41(b) are lack of jurisdiction, improper venue, or failure to join a party under Rule 19, none of which are applicable here.

6

and (3) less dramatic sanctions were imposed or considered before dismissal was ordered. *Id.* at 155. However, "[d]ismissal is usually inappropriate where the neglect is solely the fault of the attorney" *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980). In such situations, the sanction of dismissal *is* appropriate only when the attorney's "dilatory actions"—including failure to appear at a pretrial conference or failure to comply with a pretrial order—"amount[] to failure to prosecute and no alternative sanction would protect the integrity of pre-trial procedures." *Carter*, 636 F.2d at 161(citing *J. F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.*, 542 F.2d 1318, 1323–24 (7th Cir. 1976) (per curiam)); *Schreiber v. Moe*, 320 F. App'x 312, 317–18 (6th Cir. 2008).

## III. ANALYSIS

The Court finds the sanction of dismissal is appropriate in this case. Plaintiff and Plaintiff's counsel have demonstrated a willful failure to attend hearings, engage in discovery, and comply with orders of the Court, namely service of his initial disclosures, despite being warned by Judge Griffin that failure to comply could result in a recommendation that the case be dismissed. Further, Plaintiff's failure to be actively involved in this lawsuit has prejudiced Defendant.

Judge Griffin first set a deadline of March 2, 2012, for Plaintiff to provide Defendant with his initial disclosures. Since that time, the deadline has been extended twice: first, to August 22, 2012 (Doc. No. 30), then to October 22, 2012 (Doc. No. 56 at 1). To date, Plaintiff has not served Defendant with initial disclosures and has not sought an extension to the deadline to serve them or challenged Defendant's expressed need for them. (Doc. No. 65 at 12.) Plaintiff's current counsel, Mr. Freeman, has been on notice since June 22, 2012, and Plaintiff himself has been on notice at least since October 9, 2012, that Plaintiff was obligated to serve supplemental initial

7

disclosures. (*Id.* at 11.)

Plaintiff and Mr. Freeman failed to participate in hearings scheduled on September 12, 2012; October 9, 2012; and October 29, 2012. (*Id.* at 12). Plaintiff has offered no explanation for these failures nor made any effort to reschedule, and Plaintiff's counsel has failed to pay Defendant's counsel the $1,500.00 in attorney's fees imposed by orders issued on October 26, 2012, and November 6, 2012 (Doc. Nos. 57–58). Plaintiff has also not filed any response to Defendant's Motion or made any communications with respect to Defendant's status reports. (*Id.* at 13.) Judge Griffin notes that

> At the October 19, 2012, hearing, the Court was not willing to consider dismissal of this case as a sanction because that would have unfairly prejudiced the plaintiff who had shown an interest in prosecuting this case. However, the plaintiff was himself aware of the need to supplement his initial disclosures, since that issue was specifically addressed at the October 9, 2012, hearing that he attended, and the plaintiff himself had questions about whether he wanted his lawyer to continue to represent him. Despite these red flags and the passage of more than sufficient time, the plaintiff himself has taken no action in this case. This is not a situation in which the plaintiff has been blindly relying upon his counsel to take care of all matters related to this lawsuit. The plaintiff himself was aware of his counsel's previous shortcomings. In addition, the plaintiff himself was fully aware of the consequences of failing to comply with court orders since he had been advised in orders sent directly to him [(Doc. Nos. 19 and 26)] that his case could be dismissed pursuant to Rules 16(f) and Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure.

(Doc. No. 65 at 13.)

Dismissal of the action with prejudice is appropriate in light of Plaintiff's apparent lack of interest in the instant action, the hardship it would cause Defendant to face the prospect of defending a future action based on allegations which it has attempted to defend against in this action, the impasse caused by Plaintiff's refusal to participate in discovery, and the needless

expenditure of resources by both the Court and Defendant due to Plaintiff's conduct.

IV. CONCLUSION

For the reasons set forth above, the Court **ADOPTS** Judge Griffin's Report, **GRANTS** Defendant's Motion, and **DISMISSES** this action, in its entirety, **with prejudice**.

It is so ORDERED.

Entered this the __20__ day of December, 2013.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT